IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JUAN CESAR MOLINA-SOLORIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-0670 |
| ) | |
| D. BERKEBILE, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 27, 2010, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) As grounds for claiming entitlement to relief, Petitioner alleges that the BOP is incorrectly calculating his sentence. (Id.) In 1997, Petitioner was convicted in the Southern District of West Virginia of conspiracy to possess with intent to distribute marijuana (Criminal Action No. 3:96-0192). (Id.) Petitioner explains that on May 19, 1997, he was sentenced by this Court to 21-months incarceration and committed to BOP custody on June 17, 1997 (Criminal Action No. 3:96-0192). (Document No. 2, p. 1.) On September 28, 1997, Petitioner escaped from BOP custody. (Id.) Petitioner states that in November 1997, he was indicted in the Northern District of Texas for escape in violation of 18 U.S.C. § 751(a) (Criminal Action No. 1:97-00037). (Id.) Petitioner claims that "[i]n 1999, the Texas Department of Public Safety apprehended Petitioner, and he was subsequently sentenced to three-years of State imprisonment for possession of cocaine." (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner contends that "after [he] served his sentence, State authorities released him to Immigration and Customs Enforcement (ICE) Authorities" and he was deported to Mexico on February 24, 2001. (Id., pp. 1 - 2.) Petitioner alleges that "on December 12, 2006, ICE apprehended Petitioner in Laredo, Texas." (Id., p. 2.) Petitioner states that on July 17, 2007, he was sentenced in the Southern District of Texas to a 51-month term of incarceration for re-entry of a deported alien (Criminal Action No. 5:07-00021). (Id.) Petitioner explains that "on July 27, 2007, Petitioner was sentenced in the Northern District of Texas (Criminal Action No. 1:97-0037) "to 30-months for escape from federal custody, and the Court reinstated the escape status 21-month sentence, to run consecutive with each other, and consecutive with his July 17, 2007, 51-month conviction." (Id.) Petitioner appealed his conviction in Criminal Action No. 1:97-0037 alleging a violating of his Sixth Amendment right to a speedy trial. (Id.) Petitioner states that on July 27, 2009, that the Fifth Circuit found that Petitioner's rights had been violated and vacated and remanded his judgment with instruction that the indictment be dismissed. (Id.) Petitioner asserts that "[o]n December 28, 2009, the U.S. District Court for the Northern District of Texas issued an order vacating his sentence for Docket No. 1:97-cr-037-c, and dismissing the Indictment and Judgment of that conviction." (Id., p. 3.). Although the BOP removed his 30-month sentence as imposed in Criminal Action No. 1:97-0037, Petitioner complains that the BOP is improperly refusing to remove the reimposition of his 21-month sentence as imposed in Criminal Action No. 3:96-00192. (Id., pp. 4 - 5.) Petitioner argues that the sentence imposed in Criminal Action No. 3:96-00192 "was dismissed with the Northern District of Texas' order dismissed Case No. 1:97-cr-037-01-C." (Id., p. 5.) Petitioner, therefore, argues that the BOP is improperly calculating his term of imprisonment by including the sentence

as imposed in Criminal Action No. 3:96-00192.[2] (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,

---

[2] The undersigned has reviewed the Fifth Circuit's decision in *United States v. Molina-Solorio*, 577 F.3d 300 (5th Cir. 2009). The decision by the Fifth Circuit did not invalidated Petitioner's conviction and sentence as imposed by the Southern District of West Virginia in Criminal Action No. 3:96-00192.

3

Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[3] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on April 20, 2011.

cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 17, 2013.

R. Clarke VanDervort
United States Magistrate Judge

5